**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TRUSHA PATEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-01378** |
| | ) | |
| **CHRISTOPHER S. BULLOCK, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Pending before the Court is Plaintiff's motion for an emergency temporary restraining order ("TRO") that enjoins Defendants from arresting, detaining, or removing her from the United States while her immigration matters remain pending. (Doc. No. 2). For the reasons stated herein, Plaintiff's motion (Doc. No. 2) is **DENIED**.

Through the pending motion, Plaintiff submits that, although she is a native and citizen of India, she has been continuously living in the United States since November 2022. (*See id*. ¶¶ 12, 14). ICE arrested Plaintiff at the time of her entry (November 2022) but later released her on bond. (*See id*. ¶ 12). The United States subsequently initiated removal proceedings against Plaintiff, which are currently pending before the Memphis Immigration Court. (*See id*.). Plaintiff has since married Rai Patel, a U.S. citizen. (*See id*. ¶ 13). On June 20, 2024, Mr. Patel filed an I-130 Petition for Alien Relative (the "Petition"), of which Plaintiff is the beneficiary, that is currently pending with USCIS. (*Id*.).

USCIS issued a biometrics appointment notice to Plaintiff and indicated that the application will not be adjudicated unless Plaintiff appears for biometrics. (*See id*. ¶ 2). Plaintiff fears that appearing for biometrics, as directed by USCIS, may result in her immediate detention by ICE before the Petition is fully adjudicated. (*See id*. ¶ 3). Plaintiff submits that such detention

would effectively foreclose her ability to pursue available immigration relief and would cause her immediate and irreparable harm. (*Id.*). Plaintiff submits that she seeks a TRO to preserve the status quo and to ensure that she may comply with USCIS requirements without being subjected to immediate arrest, detention, or removal pending review by this Court. (*Id.* ¶ 4).

In determining whether to a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). The moving party bears the burden of demonstrating their entitlement to a TRO. And Rule 65(b) requires that temporary restraining orders may issue without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also*, Local Rule 65.01(c).

Here, Plaintiff has not filed an affidavit or a verified complaint in support of her requested relief. Accordingly, based on the filings by Plaintiff, the Court concludes Plaintiff has not demonstrated a strong or substantial likelihood of success at this stage of the proceedings because the material facts relating to Plaintiff's claim have not been established. Therefore, Plaintiff's motion for an emergency TRO (Doc. No. 2) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE